UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-389-FDW

| ANTHONY M. AIKENS, | ) |  |
| --- | --- | --- |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| MECKLENBURG COUNTY, et al., | ) |  |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1). Plaintiff has moved to proceeding *in forma pauperis*. See (Doc. No. 2).

**I.     BACKGROUND**

*Pro se* Plaintiff, who is incarcerated at the Attica Correctional Facility, has filed a civil rights suit pursuant to 42 U.S.C. § 1983.

Plaintiff names as Defendants: John G. Walker, Dametra Monique Ogletree, Mecklenburg County, and Mecklenburg County Court. Construing the Complaint liberally and accepting the allegations as true, Plaintiff was served on October 15[1] with service in a civil action in Mecklenburg County Court. However, the summons had no address for the court. Next a Complaint form was issued with Dametra Monique Ogletree as the plaintiff and with Plaintiff as the defendant. The document was date-stamped August 1, 2018 in Mecklenburg County but with no court address. Plaintiff next received a Motion for Summary Judgment dated October 12, 2018 with John G. Walker's name and Bar number and his address. All of these documents were mailed

---

[1] Plaintiff does not state the year.

1

by Defendant Walker to Plaintiff. These documents "were used and submitted to the Mecklenburg County Court in civil action <18-CVD-15203> to obtain a decree from a Judge who was never ID – a court who's address was never listed and the area, room or part this civil action was to be heard was also not listed." (Doc. No. 1 at 4). Plaintiff asks this Court "to properly investigate this complaint with Exhibits and construe the complaint with Exhibits that raises the strongest argument plaintiff <Anthony M. Aikens> is making and to clearly see that [his] federally protected rights were violated and that [he] was discriminated against because of [his] incarceration in N.Y.S Attica C.I. and to see that these actions were intentional with purposeful discrimination." (Doc. No. 1 at 4).

Plaintiff claims that the foregoing violated his rights to due process and equal protection. He seeks damages of at least $15 to $20 million from each Defendant, injunctive relief, and such other relief that the Court deems just and equitable.

Plaintiff has attached to his Complaint several documents including papers from divorce proceedings by Ms. Ogletree-Aikens, with John G. Walker as her attorney, against Plaintiff in the Mecklenburg County General Court of Justice. (Doc. No. 1 at 13-16).

## II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  A complaint should not be dismissed for failure

to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.   DISCUSSION**

Plaintiff attempts to sue Mecklenburg County, the Mecklenburg County Court, and two private individuals, his ex-wife and her attorney, in relation to divorce proceedings.

First, he has failed to state a claim against Mecklenburg County. Counties and

3

municipalities are political subdivisions of a state that can qualify as a "person" under Section 1983. See, e.g., Pembaur v. City of Cincinnati, 475 U.S. 469, 485 (1986) When determining whether or not a government official is an agent of the state or of a political subdivision for the purposes of Section 1983, the "inquiry is dependent on an analysis of state law." McMillian v. Monroe County, 520 U.S. 781, 785 (1997). Alleging that a county or municipal employee committed a constitutional violation is necessary, but not sufficient, to state a claim against a county or municipality. A county or municipality may be found liable under § 1983 only "when execution of a government's policy or custom, whether made by its lawmakers or by those edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). For § 1983 liability to extend to a local government, the policy or custom must be the "moving force" that resulted in the constitutional violation. Monell, 436 U.S. at 694. Further, a county "may only be held liable for acts for which the county has final policymaking authority." Parker v. Bladen County, 583 F.Supp.2d 736, 739 (E.D.N.C. 2008). State law governs whether a county has final policymaking authority on a particular topic. City of St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988); Stockton v. Wake County, 173 F.Supp.3d 292 (E.D.N.C. March 24, 2016).

Assuming Mecklenburg County is amenable to suit, Plaintiff has failed to state a claim for § 1983 relief because he does not allege that any policy or custom violated his constitutional rights. Therefore, the claims against Mecklenburg County will be dismissed for failure to state a claim.

Second, Plaintiff's claim against the Mecklenburg County Court is frivolous and barred by absolute immunity. The Court itself is not a person, Morrison v. Orangeburg County Court House, 2013 WL 6157929 (Nov. 22, 2013), and its personnel are immune to suit, Pierson v. Ray, 386 U.S. 547 (1967) (judges are shielded even against allegations of malice or corruption); King v. Myers,

4

973 F.2d 354, 356 (4th Cir. 1992) ("judges are absolutely immune from suit for deprivations of civil rights brought under 42 U.S.C. § 1983."); Mullis v. U.S. Bankr. Ct. Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987) (immunity applies to all acts of auxiliary court personnel that are "basic and integral part[s] of the judicial function" unless those acts are done in the clear absence of all jurisdiction). The claims against the Mecklenburg County Court are therefore dismissed as frivolous and for seeking relief against immune parties.

Third, Plaintiff has failed to state a § 1983 claim against Defendants Ogletree and Walker, who are private parties. To state a claim under § 1983, a plaintiff must allege that she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). The color of law requirement "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Id. at 50 (internal quotations omitted). In rare cases, the state can "so dominate[] [private] activity as to convert it to state action." Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 181 (4th Cir. 2009). To satisfy the state action requirement, a plaintiff must demonstrate that the conduct at issue is "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Conduct is fairly attributable to the state where: (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible;" and (2) where the party charged with the deprivation is a person who may "fairly be said to be a state actor." Sullivan, 526 U.S. at 50 (1999). "Without state action, [plaintiff] has no § 1983 claim." Thomas v. Salvation Army Southern Territory, 841 F.3d 632, 637 (4th Cir. 2016) (affirming dismissal pursuant to § 1915(e)(2)(B)(ii) where plaintiff did not allege any facts that even remotely suggested that defendants' actions were attributable to the state).

Plaintiff alleges that Defendant Ogletree was the plaintiff, and Defendant Walker was an attorney, in civil divorce proceedings against Plaintiff. Plaintiff fails to state any facts whatsoever that would demonstrate that these private parties were state actors and violated his constitutional rights. Therefore, the claims against Defendants Ogletree and Walker will be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

For the reasons stated herein, the Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint, (Doc. No. 10), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).
2. The Clerk of Court is directed to enter an Order Waiving Initial Partial Filing Fee and Directing the Correctional Facility to Transmit Partial Payments.
3. The Clerk of Court is directed to close this case.

Signed: September 16, 2019

Frank D. Whitney
Chief United States District Judge